UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| VIRGIN OIL COMPANY, INC. | * | CASE NO: 09-11899 |
| --- | --- | --- |
| | * | |
| *Debtor* | * | Section "A" |
| | * | |
| *********************************** | | Chapter 11 |

## EMERGENCY MOTION FOR ORDER (I) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO SECTIONS 105, 361, 362 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED LENDER

**NOW COMES** Virgin Oil Company, Inc. (sometimes referred to as "Virgin" or "Debtor"), through undersigned counsel, who files this Emergency Motion for Order (I) Authorizing Use of Cash Collateral Pursuant to Sections 105, 361, 362 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b) and (II) Granting Adequate Protection to Prepetition Secured Lender, and in support respectfully represents:

**Jurisdiction, Venue and Statutory Authority**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), (M) and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. The statutory authority for the relief requested is 11 U.S.C. §§ 105, 361, 362 and 363 and procedurally this matter is governed by Federal Rules of Bankruptcy Procedure 4001(b) and 9014.

1

## Background

4. On June 25, 2009, petitioning creditors filed an involuntary petition for relief against Virgin Oil Company, Inc. (erroneously labeled Virgin Oil Company, LLC on the Petition).

5. At the hearing conducted on August 20, 2009, the Court ordered relief against the Debtor under Chapter 7 of the Bankruptcy Code.

6. On August 20, 2009, pursuant to 11 U.S.C. § 706(a), the Debtor filed a motion requesting that the case be converted from Chapter 7 to Chapter 11.

7. The Debtor owns leasehold working interests in oil wells located in the Gulf of Mexico off the coast of Louisiana and an oil production facility located in Empire, Louisiana.

8. The Debtor experienced financial difficulties primarily because of damage caused to oil pipelines by Hurricane Ike in September, 2008. Hurricane Ike destroyed various commercial pipelines used to transport oil from Virgin Oil's facilities to the market. Necessary repairs to the pipelines were delayed and were only completed approximately six (6) weeks ago. During the interim period between the time of such repairs and Hurricane Ike, Virgin Oil had no income.

9. Currently Virgin Oil has five (5) producing wells and intends to bring other wells back on line. Virgin Oil does not have any funds or resources available to operate its oil producing facilities without the use of cash collateral as that term is defined under 11 U.S.C. § 363.

10. CIT Capital USA, Inc. ("CIT"), as administrative agent, and CIT and Whitney National Bank ("Whitney") as lenders (collectively "First Lien Lenders"), assert prepetition

claims arising out of an asset based revolving loan facility ("First Lien Credit Facility") and a term loan facility ("Second Lien Credit Facility") (collectively, the First Lien Credit Facility and Second Lien Credit Facility are referred to as the "Credit Facility").

11. CIT and Whitney contend they are owed approximately $35 million, plus charges and other fess due under the Credit Facility and that such obligation is secured by liens on Virgin Oil's interest in all of Virgin Oil's right, title and interest in certain oil and gas leases and all personal property directly related thereto, including any production and proceeds of production.

12. Consequently, CIT and Whitney claim a security interest in essentially all of the Debtor's assets, including oil and gas leases and proceeds and revenues from production.

13. Certain other parties, including some or all of the petitioning creditors (collectively, "Statutory Lien Claimants"), may have filed or intend to file lien claims or privileges under applicable non-bankruptcy law against certain oil and gas properties in which Virgin Oil has an interest. The Statutory Lien Claimants contend that revenues from affected properties may constitute their cash collateral.

**Relief Requested**

14. The oil and gas properties belonging to Virgin Oil generate cash, revenues and proceeds which may constitute cash collateral within the meaning of 11 U.S.C. § 363.

15. Virgin Oil does not have available sources of working capital to operate without the use of such cash collateral. Accordingly, Virgin Oil has an immediate need to use cash collateral in order to permit the continuation of its business and to manage and preserve the assets of the estate for the benefit of creditors.

16. Accordingly, Virgin Oil requests entry of an interim order: (i) authorizing Virgin Oil to use cash collateral and granting security interests in order to adequately protect each lender and the Statutory Lien Claimants; and (ii) scheduling a final hearing pursuant to Bankruptcy Rule 4001. A copy of a proposed Interim Order is attached as Exhibit "A".

17. The oil produced by the facilities in which Virgin Oil has an interest is transported, marketed and sold by Texon Corporation ("Texon"). Texon generally distributes to Virgin Oil its share of the proceeds of production. However, Texon is currently holding revenues (believed to amount to approximately $350,000) per instructions from CIT and/or Whitney. CIT and Whitney should be directed, subject to the protections and limitations discussed herein, to instruct Texon to release to Virgin Oil any funds being held by Texon on Virgin Oil's behalf and to continue to disburse Virgin Oil's share of the oil production revenues directly to Virgin Oil.

## Adequate Protection and Post-Petition Liens

18. Virgin Oil should be permitted to use cash collateral subject to: (i) providing adequate protection to CIT and Whitney in the form of granting postpetition liens against their collateral and the proceeds generated from the oil properties; and (ii) adherence to Virgin Oil's projection of operating expenditures, a copy of which is attached hereto as Exhibit "B". Virgin Oil seeks authorization to pay budgeted expenses in an amount not to exceed each category of spending by 15% of the amount listed without prior written consent of CIT and Whitney.

19. The liens granted by this Court should be subject to the right of payment of unpaid fees, expenses and costs in an amount not to exceed $100,000 ("Professionals Carve

4

Out"), which fees, expenses and costs consist of court costs, U.S. Trustee's fees and fees and costs incurred by professionals retained by Virgin Oil.

### Request for Interim Approval

20. Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion for use of cash collateral pursuant to § 363 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after service of such motion. Upon request, however, the Court is permitted to conduct a preliminary hearing to the extent necessary to avoid immediate and irreparable harm to the debtor's estate.

21. Pursuant to Bankruptcy Rules 4001(b) and (c), Virgin Oil requests that the Court conduct an expedited hearing on this motion on Wednesday, August 26, 2009, at 8:00 a.m. (the date set for first day motions by the Court at the status conference held on August 20, 2009).

22. The interim relief requested by the Debtor seeks to pay only those expenses which are emergent and necessary to avoid immediate and irreparable harm, which expenses are listed on Exhibit "C" attached hereto.[1]

WHEREFORE, the afore premises considered, Virgin Oil Company, Inc. prays that the Court enter an interim order in a form consistent with the proposed order attached hereto and, after a final hearing, a final order granting the relief requested herein.

And for all general and equitable relief as the nature of the matter may permit.

---

[1] Virgin Oil may need to add a category to the budget for additional accountant to assist CFO, Joseph Gibbs, as his current health problems will make it difficult for him to satisfy the additional accounting requirements imposed by this bankruptcy case.

Respectfully submitted,

VIRGIN OIL COMPANY, INC.

BY: _____
ROBERT FULTON SMITH , JR.

President & CEO, Virgin Oil Company, Inc.

**LAW OFFICE OF EMILE L. TURNER, JR., L.L.C.**

BY: _____
EMILE L. TURNER, JR. (#12963)
LEO D. CONGENI, *Of Counsel* (#25626)
424 Gravier Street
New Orleans, LA 70130
Phone: 504-586-9120

*Attorneys for Virgin Oil Company, Inc.*

6