UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| VIRGIN OIL COMPANY, INC. | * | CASE NO: 09-11899 |
|---|---|---|
| | * | |
| *Debtor* | * | Section "A" |
| | * | |
| ************************************ | | Chapter 11 |

## MOTION FOR AUTHORIZATION TO ENTER
## INTO INSURANCE PREMIUM FINANCE AGREEMENT

**NOW COMES** Virgin Oil Company, Inc. (sometimes referred to as "Virgin Oil" or "Debtor"), through undersigned counsel, who files this Motion for Authorization to Enter into Insurance Premium Financing Agreement, and in support, represents as follows:

### Jurisdiction, Venue and Statutory Authority

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1408 and 1409.

3.  The statutory authority for the relief requested is 11 U.S.C. §§ 105, 363 and 364 and procedurally this matter is governed by Federal Rules of Bankruptcy Procedure 4001 and 9014.

### Background

4.  On June 25, 2009, petitioning creditors filed an involuntary petition for relief against Virgin Oil. An order for relief under Chapter 7 of the Bankruptcy Code was entered on August 20, 2009 and, on August 26, 2009, the Court converted this case to Chapter 11, retroactive to August 20, 2009.

1

5. Since conversion of this case to Chapter 11, the Debtor has operated as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108 and a Trustee has not been appointed under 11 U.S.C. § 1104.

6. The Debtor has obtained the following insurance coverages for the period of May 9, 2011 – May 9, 2012: commercial general liability coverage – annual premium of approximately $12,127.50; commercial umbrella liability protection – annual premium of approximately $23,100; excess umbrella liability – annual premium $24,000; excess maritime employer's liability coverage – annual premium $5,250; "all-risks" physical damage coverage and control of well coverage – annual premium $144,531; pollution liability coverage – annual premium $53,550.

7. The foregoing insurance coverages are required by law, the Office of the United States Trustee or necessary to adhere to sound business judgment.

8. The total premium for the foregoing insurance coverages amounts to approximately $262,558.50. Prepayment of the full premiums would impose a significant financial burden on the Debtor. Accordingly, the Debtor has entered into a premium financing agreement. Premium Assignment Corporation has agreed to finance the premium in exchange for a cash down payment of approximately $96,414.20, plus seven monthly payments of $24,186.41, beginning on or about June 9, 2011. The annual interest rate under the agreement is approximately 5.68%, and the total finance charge amounts to $3,160.57. Virgin Oil's share of premiums amounts to approximately 67%, which is based on Virgin Oil's gross working interest in each lease covered by the policy. A copy of the

2

proposed Premium Finance Agreement (the "Agreement") is attached hereto as Exhibit "A" and made part hereof.[1]

9.  The Agreement provides the lender with a security interest in any unearned premiums or other sums which may become payable under the insurance policies.

10. To the extent the insurance policies covered under the Agreement benefit third parties or properties owned by third parties, said third parties will pay their proportionate share of insurance premiums.

### Basis for Relief Requested

11. Section 364(c)(2) of the Bankruptcy Code provides, in pertinent part:

> If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit and the incurring of debt –
>
> ... (2) secured by a lien on property of the estate that is not otherwise subject to a lien.

12. In the instant case, the foregoing requirements are met because, based on information and belief, no lender will finance insurance premiums on an unsecured basis and will likely require that the Debtor grant a security interest in unearned premiums, as Premium Assignment Corporation ("PAC") has required under the Agreement. Further, the asset on which a lien is being granted (unearned premiums) will exist only to extent of premiums advanced by PAC. Accordingly, the requirements of § 364(c) are met.

13. The maintenance of the insurance policies at issue is required by the Office of the United States Trustee and is necessary for preserving value of the Debtor's assets.

---

[1] The agreement will be modified by deleting representations by the producer on page 1 and Borrower on page 2 (item 16(d)) regarding borrower's bankruptcy / insolvency.

3

14. For the foregoing reasons, the Debtors believe that authorization to enter into the Agreement is reasonable and in the best interests of this estate.

15. No prior request for the relief sought in this motion has been made to this or any other Court.

### Proposed Form of Order

16. A form proposed Order is attached hereto as Exhibit "B" in accordance with Federal Rule of Bankruptcy Procedure 4001(c)(1)(A).

WHEREFORE, the Debtor respectfully requests that the Court enter an Order authorizing Debtor to pay all installments due under the Agreement as they come due and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**LAW OFFICE OF EMILE L. TURNER, JR., L.L.C.**

BY: */s/ Leo D. Congeni*
_____
EMILE L. TURNER, JR. (#12963)
LEO D. CONGENI, *Of Counsel* (#25626)
424 Gravier Street
New Orleans, LA 70130
Phone: 504-586-9120

*Attorneys for Virgin Oil Company, Inc.*