UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| IN RE: | * | CASE NO. 09-11899 |
|---|---|---|
| | * | |
| VIRGIN OIL COMPANY, INC. | * | CHAPTER 11 |
| | * | |
| DEBTOR | * | SECTION "A" |

**VIRGIN OIL OFFSHORE U.S.A., INC.'S OBJECTION TO DISCLOSURE STATEMENT IN SUPPORT OF AMENDED CHAPTER 11 PLAN OF REORGANIZATION FILED BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CIT CAPITAL USA, INC. [P-657] AND REQUEST FOR DEADLINE FOR DEBTOR TO FILE CLAIM OBJECTION**

Now into Court, through undersigned counsel, comes Virgin Offshore U.S.A., Inc. ("Virgin Offshore") who files this *Objection to Disclosure Statement in Support of Amended Chapter 11 Plan of Reorganization Filed by the Official Committee of Unsecured Creditors and CIT Capital USA, Inc. [P-657] and Request for Deadline for Debtor to File Claim Objection*. In support of the opposition, Virgin Offshore asserts:

**OPPOSITION TO DISCLOSURE STATEMENT**

1. Virgin Oil Company, Inc. ("Debtor" or "Virgin Oil") is a Debtor and a co-owner with Virgin Offshore in the Empire Well and Lease, as well as Ship Shoal Lease.

2. The Plan and Disclosure Statement fail to articulate what Joint Operating Agreements will be assumed, the cost of the assumption and how the Debtor or the Plan Trust will provide adequate assurance of future performance.

3. Specifically, with respect to the Ship Shoal lease, the Debtor is a co-owner with Virgin Offshore and Century Exploration New Orleans, Inc. The Debtor, at the time the Order for relief was entered, had failed to pay its share of joint interest billings and other AFEs attendant to such lease and the Debtor is responsible for its share for plugging and abandoning obligations incident to such lease. The Plan fails to disclose: (i) whether the Ship Shoal Operating Agreement will be assumed; (ii) how the cure will be paid; and (iii) what provisions will be made to provide adequate assurance that Virgin Oil will have funds to pay plugging and abandoning costs attendant. If all funds of Virgin Oil are distributed, where will the funds to pay the plugging and abandoning costs come from?

4. The Plan and Disclosure Statement does not state what will happen with Virgin Offshore. Virgin Offshore is probably the largest unsecured claim against the Debtor by virtue of the Court's rulings in connection with the Empire lease. No information is provided as to what will happen with Virgin Offshore and how its creditors will be protected. Virgin Offshore's assets should first be used to pay its creditors and not the creditors of the Debtor, such as CIT Capital USA, Inc. ("CIT").

5. The Disclosure Statement has little or no information as to how the Plan will be implemented except through some Plan Trust and Plan Trustee and CRO. The Disclosure Statement fails to include:

   1. the terms of the Plan Trust;
   2. the method and manner of the selection of the Plan Trustee;

3. the compensation for the Plan Trustee;

4. what will happen to Virgin Oil if not all of its assets are transferred to a Plan Trust? Who will run Virgin Oil since the interests of its shareholders are terminated? What about liabilities incident to assets that are not transferred such as plugging and abandoning liabilities; and

5. who constitutes the Plan Committee and whether their appointment is in the best interest of the creditors.

6. The Plan and Disclosure Statement contain impermissible releases. Why should the Plan release any claims against CIT or Whitney National Bank?

7. The Disclosure Statement fails to advise creditors of the tax effects of the transfer of the assets to the Trust.

8. The Disclosure Statement is unclear as to the type of trust set forth in the Plan. This is critical since the Trust's term of ten (10) years for certain types of trusts is not allowed until existing tax regulations.

9. The Disclosure Statement contains a reference to a Plan Supplement without providing a date by which the supplement must be filed. Under the literal reading, it could be filed ten (10) minutes before the confirmation hearing. The Plan Supplement should be filed in advance of the confirmation so that parties can vote based upon the Plan Supplement and conduct discovery to address the issues raised by the Plan Supplement prior to confirmation that may impact confirmation.

10. A similar issue exists with respect to assumption and assignment of leases and joint operating agreements by the Plan Trust. Creditors whose joint operating agreements are rejected should have a right to vote on the Plan.

11. Virgin Oil asserts that the Disclosure Statement fails to meet the standards for approval of the Disclosure Statement.

12. Virgin Offshore further asserts that any objection to the Virgin Offshore claim and other claims should be filed immediately so that the Court could set an estimation hearing for purposes of voting.

13. Virgin Offshore further adopts the opposition to the Disclosure Statement filed by RLI Insurance.

**WHEREFORE,** Virgin Offshore U.S.A., Inc. prays that this Court (i) sustain its objection to the Disclosure Statement and require the Debtor to amend and supplement the Disclosure Statement and any relevant Plan provisions so as to cure Virgin Offshore's objection; (ii) set a deadline by which the Debtor is to file any and all objections against Virgin Offshore; and (iii) for all other relief as is just and equitable.

May 26, 2011

    Respectfully submitted,

    */s/Douglas S. Draper*
    Douglas S. Draper, La. Bar No. 5073
    **HELLER, DRAPER, HAYDEN, PATRICK & HORN, L.L.C.**
    650 Poydras Street, Suite 2500
    New Orleans, Louisiana 70130-6103
    Telephone: 504-299-3300
    Fax: 504-299-3399
    ddraper@hellerdraper.com

    **Counsel for Virgin Offshore U.S.A., Inc.**